UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOSHE LEIB, d/b/a TB Limo.Com,

    Plaintiff,

v.                                                  Case No.  8:07-cv-01598-T-24-TGW

THE HILLSBOROUGH COUNTY PUBLIC
TRANSPORTATION COMMISSION,

    Defendants.
_____/

**O R D E R**

This cause comes before the Court on Defendant Hillsborough County Public Transportation Commission's Motion to Dismiss.  (Doc. No. 9).  Plaintiff opposes the motion.  (Doc. No. 10).

**I.  Background**

Plaintiff Moshe Leib ("Leib") owns and operates the business TB Limo.com, a limousine service serving the greater Tampa Bay area.  Defendant Hillsborough County Public Transportation Commission ("HCPTC") is an administrative agency created by the State of Florida Legislature, and it is charged with regulating the operation of public vehicles upon the public highways of Hillsborough County.

Leib purchased a Toyota Prius, a hybrid vehicle, and he intended to use it as a limousine for prearranged transportation.  He wanted to use the Prius to provide an "environmentally superior" limousine service option to his customers.  Before Leib could operate his Prius as a limousine within Hillsborough County, he was required to obtain a certificate from the HCPTC, pursuant to Chapter 2001-299 Laws of Florida.

Leib's application for a certificate was denied by the HCPTC, because it concluded that a Toyota Prius did not qualify as a "luxury" vehicle as required by its rules. Specifically, the rule at issue, Rule 1.15, defines limousines as:

> [A]ny motor vehicle for hire not equipped with a taximeter, with capacity for 15 passengers or less, including the driver. This definition consists of vehicles which are recognized by the industry as "luxury" vehicles, that are considered as high-end luxury vehicles by the manufacturer and vehicles that have been uniquely modified so as to provide "luxury" limousine service. The "luxury" quality of vehicles will be determined by assessing aesthetics of the interior and exterior of the vehicle, amenities provided to the passenger, spaciousness and comparison to current industry standards for vehicles performing limousine service in Hillsborough County.

(Doc. No. 1, Ex. B, p. 4, Rule 1.15). Thereafter, Leib applied for a waiver, and his request for a waiver was denied.

As a result, Leib filed the instant action in which he asserts eight claims. Specifically, he asserts § 1983 claims based on his contention that the rules promulgated by the HCPTC and the decision therefrom: (1) violates his right to earn a living, (2) denies him equal protection, (3) is arbitrary and capricious as applied to his business, (4) is an unlawful exercise of the state's police power because there is no legitimate governmental objective, (5) uses vague and indefinite terms and fails to set out distinct criteria, (6) grants unbridled discretion to the administrative officials in the enforcement of its provisions, and (7) places an undue burden on interstate commerce without serving a legitimate purpose. Additionally, he asserts a state law claim for administrative review of the HCPTC's decision denying his request for a waiver. In response, the HCPTC filed the instant motion to dismiss.

## II. Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the

light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

### III.  Motion to Dismiss

       HCPTC seeks dismissal of Counts I through VII and then requests that the Court decline to exercise supplemental jurisdiction over Leib's state law claim for administrative review of the HCPTC's decision denying his request for a waiver.  As explained below, the Court grants the motion.

#### A.  Rational Basis

       In order to implicate the heightened scrutiny test for equal protection claims, rather than

applying the rational basis test, Leib must allege that the action affects a suspect class or infringes on a fundamental right. See Nordlinger v. Hahn, 505 U.S. 1, 10 (1992)(citations omitted). Leib has not made such allegations. See Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 313 (1976)(noting that the right of employment is not a fundamental right). Accordingly, the Court applies the rational basis test to Leib's equal protection claims.

Under the rational basis test, the Court determines whether the challenged legislation is rationally related to legitimate government interests. Doe v. Moore, 410 F.3d 1337, 1345 (11th Cir. 2005)(citation omitted). The rational basis test is highly deferential. See id. (citation omitted). The legislation will be considered constitutional under this test if "'there is any reasonably conceivable state of facts that could provide a rational basis for' it." Id. at 1346 (quoting FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993)). The Court finds that the legislation at issue passes this test.

HCPTC has offered a number of possible bases for its rules, including vehicle safety (because vehicles that fall within the definition of limousines under its rules are generally larger than the Prius, and thus, potentially safer) and avoiding passenger confusion (when someone arranges for limousine service, they do not expect to be picked up in a Prius). The Court is not persuaded by Leib's efforts to negate every plausible basis for the HCPTC's rules.

For example, Leib argues that his Prius is safe. While that may be true, Leib misses the point, which is whether the HCPTC has a legitimate interest in ensuring passenger safety and whether requiring larger vehicles furthers that interest. The Court finds that it does. In essence, Leib has not argued that there is no rational basis for the HCPTC's rules, rather, he argues that there is no rational basis for the Toyota Prius to be excluded by those rules. The Court disagrees

and finds Leib's equal protection claims must be dismissed.

### B. "Class of One" Equal Protection Claim

HCPTC argues that to the extent that Leib is asserting a "class of one" equal protection claim–that he was intentionally treated differently than other similarly situated persons–such a claim must be dismissed, because there is no allegation of an instance in which someone similarly situated was treated differently. The Court agrees.

In order to assert a "class of one" claim, Leib must allege that he was treated differently from other similarly situated individuals and that the HCPTC unequally applied a facially neutral rule for the purpose of discriminating against him. See Young Apartments, Inc. v. Town of Jupiter, Fla., 2008 WL 2277521, at *13 (11th Cir. June 5, 2008)(citations omitted). Leib has not alleged that he was treated differently from other similarly situated individuals; rather, he contends that his Prius is similar to the vehicles that are deemed limousines, and that by denying his waiver, he is being treated differently. Furthermore, Leib does not contend that the rules are facially neutral. (Doc. No. 10, p. 11). Accordingly, the Court finds that this claim fails.

### C. Due Process Claims

Leib is alleging that he was denied due process. It is unclear to the Court whether Leib is alleging a substantive due process claim or a procedural due process claim. However, the Court finds that Leib has failed to properly plead either type of due process claim.

#### 1. Substantive Due Process

"'The substantive component of the Due Process Clause protects those rights that are fundamental, that is, rights that are implicit in the concept of ordered liberty.'" Greenbriar Village, L.L.C. v. Mountain Brook, City, 345 F.3d 1258, 1262 (11th Cir. 2003)(quoting

McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994))(internal quotation marks omitted).  To the extent that Leib asserts a substantive due process claim based on the denial of a certificate and/or denial of a waiver, no substantive due process claim is viable, because a fundamental right is not implicated.  See id. (citations omitted).

### 2.  Procedural Due Process

In order to assert a procedural due process violation, Leib must allege that he has been deprived of a constitutionally protected liberty or property interest.  See Morley's Auto Body, Inc. v. Hunter, 70 F.3d 1209, 1212 (11th Cir. 1995)(citation omitted).  Leib has not shown that he has a constitutionally protected property interest in the certificate he was seeking.  Furthermore, there is no federal due process violation if there is an adequate state remedy.  See Action Outdoor Advertising II, LLC v. Lumpkin County, Ga., 543 F. Supp.2d 1334, 1350 (N.D. Ga. 2008).  Clearly, there is an adequate state remedy for the denial of the certificate and denial of his waiver request–Leib can seek administrative review of the decision.  Accordingly, this claim fails.

### D.  Arbitrary and Capricious

It appears that Leib is asserting a claim that the HCPTC's  rules deny him substantive due process, because they are arbitrary and capricious.  Accordingly, his claim will only survive if the rules fail the rational basis test.  See Williams v. Attorney General of Ala., 378 F.3d 1232, 1252 (11th Cir. 2004).  However, the Court has already concluded that there is a rational basis for the HCPTC's definition of limousines, and as such, this claim fails.

### E.  Police Power

Leib claims that the HCPTC violated its police power by changing the definition of

limousine from that set forth in Chapter 2001-299 Laws of Florida, Section 3(17). Specifically, that section defines limousines as "any motor vehicle for hire not equipped with a taximeter, with a capacity for 15 passengers or less, including the driver." Leib argues that by adding the "luxury" component to the definition of a limousine contained in the HCPTC's rules, the HCPTC has violated its police power. The Court disagrees.

Section 2(1) of Chapter 2001-299 Laws of Florida created the HCPTC and provides that the purpose of the HCPTC "is to regulate the operation of public vehicles upon the public highways of Hillsborough County and its municipalities." There can be no argument that Rule 1.15, in which the HCPTC defines limousines, is a valid exercise of its power to regulate the operation of public vehicles on public highways, and that the rule is rationally related to the legitimate interest of promoting safety. Therefore, this claim is dismissed.

### F.  Unbridled Discretion

Leib claims that the decision of whether to grant a waiver is left to the unbridled discretion of the HCPTC because the waiver rule is vague. The waiver rule, Rule 15.5, provides:

> Variances and waivers shall be granted when the person subject to the rule demonstrates that the purpose of the underlying statute will be or has been achieved by other means by the person and when application of a rule would create a substantial hardship or would violate principles of fairness. For purposes of this section, "substantial hardship" means a demonstrated economic, technological, legal, or other type of hardship to the person requesting the variance or waiver. For purposes of this section, "principles of fairness" are violated when the literal application of a Rule affects a particular person in a manner significantly different from the way i[t] affects other similarly situated persons who are subject to the Rule.

(Doc. No. 1, Ex. B, p. 44-45).

Leib contends that Rule 15.5 is vague, because (1) it does not define the "underlying statute" referred to in the rule, (2) it does not give any guidance as to how to demonstrate that the

7

purpose of the underlying statute has been achieved, and (3) it essentially defines substantial hardship as a demonstrated hardship, but it does not give any guidance as to how to demonstrate a hardship.  In support of this argument, Leib cites <u>VFW John O'Connor Post #4833 v. Santa Rosa County, Fla.</u>, 506 F. Supp.2d 1079 (N.D. F.a 2007).  Leib's reliance on <u>VFW</u> is misplaced.

The waiver rule at issue in <u>VFW</u> provided that the Board could waive a certain requirement "'upon a proper showing by the applicant that the Board should waive such requirement.'"  <u>Id.</u> at 1092.  The court in <u>VFW</u> found that the rule lacked any criteria for applying the "proper showing" standard, and as such, it really was no rule at all.  <u>See id.</u>

Conversely, in the instant case, Rule 15.5 cannot be said to really be no rule at all.  While Rule 15.5 is written broadly, it is not so broad as to cause persons of ordinary intelligence to be unable to determine how to conform their conduct to the law or to result in persons charged with enforcement of it to act arbitrarily and discriminatorily.  <u>See id.</u> (citations omitted). Accordingly, the Court rejects Leib's argument on this issue and dismisses this claim.

### G.  Void for Vagueness

Leib argues that Rule 1.15 is void for vagueness, because the term "luxury" lacks clarity. Like Leib's challenge to Rule 15.5, this argument also lacks merit.  Rule 1.15 defines luxury vehicles by stating the following:

> This definition consists of vehicles which are recognized by the industry as "luxury" vehicles, that are considered as high-end luxury vehicles by the manufacturer and vehicles that have been uniquely modified so as to provide "luxury" limousine service. The "luxury" quality of vehicles will be determined by assessing aesthetics of the interior and exterior of the vehicle, amenities provided to the passenger, spaciousness and comparison to current industry standards for vehicles performing limousine service in Hillsborough County.

In order for the rule to be void for vagueness, Leib must show that it "is so vague and indefinite

as really to be no rule or standard at all." See id. at 1092 (quotation marks and citations omitted). Clearly, he cannot meet that standard. As such, this claim is dismissed.

### H. Undue Burden on Interstate Commerce

Leib claims that the HCPTC's rules that deny him a limousine certificate for his Prius constitute an undue burden on interstate commerce, because all passengers (including those engaged in interstate commerce) are prohibited from utilizing the environmentally-friendly transportation service offered by Leib's Prius. The Court rejects this argument.

"The commerce clause to the United States Constitution restricts states and municipalities from imposing unreasonable burdens on interstate commerce." Executive Town & Country Services, Inc. v. City of Atlanta, 789 F.2d 1523, 1525 (11th Cir. 1986)(citations omitted). "The scope of the commerce clause includes legislation related to local concerns if the legislation imposes an unreasonable burden on interstate commerce." Id. at 1526 (citations omitted). Legislation will be upheld "if it regulates 'evenhandedly,' if it imposes only an 'incidental burden on interstate commerce, and if the 'burden imposed on such commerce is [not] clearly excessive in relation to the putative local benefits.'" Id. at 1526-27 (quoting Pike v. Bruce Church, Inc., 397 U.S. 137, 142 (1970)).

In the instant case, the only alleged "burdens" appears to be the burden on the environment and that travelers will have to pay more if they choose limousine service than they would pay if Leib drove them in his Prius. However, these alleged burdens are not the ones designed to be prevented by the commerce clause. There is no allegation that interstate travelers will have to alter their plans or that they will be affected in any other significant way, and as such, the Court finds that this claim must be dismissed. See id. at 1527.

**IV.  Conclusion**

As explained above, the Court finds that Leib's § 1983 claims must be dismissed.  As such, the Court declines to exercise supplemental jurisdiction over his state law claim for review of the HCPTC's decision.  Accordingly, it is ORDERED AND ADJUDGED that HCPTC's Motion to Dismiss (Doc. No. 9) is **GRANTED**.  The Clerk is directed to enter judgment in favor of Defendant on Counts I through VII[1] and then to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of June, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1]The Court notes that there are two Count VII's in Leib's complaint.  The Court is dismissing the first Count VII that alleges an undue burden on interstate commerce.  The Court declines to exercise supplemental jurisdiction over the second VII, in which Leib requests review of the HCPTC's decision.